UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

GURNEY ALFRED                                         CIVIL ACTION NO.

VERSUS

STATE OF LOUISIANA through the
DEPARTMENT OF CORRECTIONS

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Gurney Alfred, of the full age and majority, resident of and domiciled in East Baton Rouge Parish, State of Louisiana, who respectfully represents:

1.

Made defendant herein is the State of Louisiana through the Department of Public Safety and Corrections. Defendant is the proper party defendant in accordance with LSA-R.S. 13:5101, *et seq*.

2.

This Court has jurisdiction over this matter pursuant to the attached September 13, 2010 Charge of Discrimination and the attached October 2, 2012, right to sue letter..

3.

Venue properly lies in this Court pursuant to La C.C.P. Art 42, as the registered office for the Louisiana State Penitentiary is located in East Baton Rouge Parish.

4.

MSgt. Gurney Alfred, African-American, received both an Associate Degree in criminal justice and a Bachelor of Science degree in sociology from Southern University in 1998. He began working at the Louisiana State Penitentiary as a rehire with 13 years

of service in 2004 in the position of Sargeant.  During his employment plaintiff twice received awards for perfect attendance twice and employee of the month twice.

5.

Plaintiff was a committed and industrious employee during the entire time of his employment at the Louisiana State Penitentiary, Angola, Louisiana.  He was told by his supervisors that, if he continued to work hard, he would be promoted.  His one promotion was to Master Sergeant which comes with ten years of state service.

6.

Even as early as 2006, when plaintiff first applied for the position of Lieutenant, he made qualifying scores.  Nonetheless he was always passed over for promotion.

7.

Racial remarks made to plaintiff, calling him a "black bitch," by a white officer, MSgt. Jason Johnson, on November 28, 2008, only resulted in a non-disciplinary lateral transfer administered to Johnson.  Two white officers, MSgt. Mike Evans and MSgt David Adams, were present and laughed.  It was no joke to the plaintiff.

8.

Defendant began a continuous pattern of discrimination, harassment and retaliation because of plaintiff's race.  Plaintiff made continuous efforts to get promoted. Plaintiff's supervisor, Captain Warren Lemoine, Caucasian, showed favoritism to plaintiff's fellow employees over plaintiff by continually giving the other employees favorable, assignments and promotions. Lemoine had been previously written up for illegal favoritism.

9.

Plaintiff was also retaliated against because of his complaints about other similarly situated employees who received promotions and favorable treatment.  Plaintiff was continuously placed in a hostile work environment.

10.

When plaintiff filed a grievance against Lemoine, he was moved to a different "camp," or work area, but was brought back to the camp where the plaintiff was assigned and the discrimination, harassment and retaliation continued.  Plaintiff was denied due process to have his grievances heard and resolved without fear of reprisal in violation of the First Amendment to the U.S. Constitution.

11.

On May 27, 2010, plaintiff filed a grievance statement indicating that on May 15, 2010, at approximately 4:50 a.m., upon arriving to work, a shakedown of the vehicles was in progress inside the front gate of Louisiana State Penitentiary Plaintiff was instructed to drive to the shakedown area by a member of the shakedown crew.  MSgt. Russell completed the shakedown on the passenger side of plaintiff's vehicle.  At this point a colonel on the K-9 unit walked up and instructed Russell to give plaintiff a hard and thorough shakedown of plaintiff's vehicle.  Russell went back into plaintiff's vehicle for a second time and started throwing things around in plaintiff's vehicle.  Russell moved the passenger seat front to back at least seven times, opened and closed the glove compartment hard at least five times and placed his bare hands on and inside plaintiff's lunch box containing food.  While Russell was in the process of his shakedown of plaintiff's vehicle, the same K-9 colonel ordered 15 vehicles to pass through the

shakedown point without being searched. Plaintiff was harassed, discriminated and retaliated against for his letter to Secretary James LeBlanc and Warden Burl Cain, dated and faxed May 13, 2010, complaining about discrimination, harassment and retaliation.

12.

Upon learning of MSgt. Alfred's grievance being filed against his supervisor, Capt. Lemoine. Lemoine entered Alfred's work location at Camp RC, Upper A-B Tiers, pounded his fist on the desk where Alfred was sitting and shouted directly in his face, in a threatening manner, "You filed a grievance against me!" Then Lemoine stormed out of MSgt. Alfred's work location. Plaintiff reported this incident to the duty warden at the end of his shift.

13.

In July, 2010, the area where plaintiff was assigned to work was freshly painted. The fumes from the fresh paint caused the plaintiff to become ill and plaintiff had trouble breathing. Plaintiff became so debilitated by the paint fumes that he was unable to continue working and was allowed to seek medical treatment through medical services within the Louisiana State Penitentiary. This was the only area painted at Camp (RC) on this morning.

14.

After being treated at the Penitentiary, plaintiff was still ill and requested that he be allowed to see his personal doctor. Lemoine allowed this and the plaintiff left work and saw his personal doctor for treatment.

15.

, On July 23, 2010 at approximately 5:10 a.m., plaintiff returned to work only to learn that he had been written up for "failure to follow orders aggravated" due to the fact that Lemoine lied and said he had not given plaintiff permission to see his personal doctor but, instead, had told him to go to "investigations." As a result, plaintiff was suspended by Lemoine, although he did not have the authority to do so, and placed on leave with pay. Plaintiff successfully defended this charge by his immediate supervisor, Lemoine.

16.

As part of the continuing harassment, several inmates were prompted by employees of the Louisiana State Penitentiary to give false statements about plaintiff, leading to a so-called investigation of plaintiff containing trumped up charges and false allegations.

17.

As part of the discrimination, harassment and retaliation, the defendant and/or defendant's agents, acting on defendant's behalf, defamed the plaintiff and invaded his privacy by, inter alia, tapping his telephones and engaging in other invasive measures,

18.

In October 2010, plaintiff was informed via telephone that he was written up for allegedly falsifying documents. As a result, plaintiff was terminated although not by the proper appointing authority. The allegations are false and are a pretext to conceal illegal discrimination, harassment and retaliation against the plaintiff.

19.

Defendant's harassment and termination of plaintiff were on account of his race, African-American, in violation of Title VII of the Civil rights Act, 42 USC 2000e et. seq., wherein defendant did not subject similarly situated white employees to the same obstacles in gaining promotions, training and assignments.

20.

Defendant's acts of harassing and terminating plaintiff were also in retaliation for Gurney Alfred having objected to defendant's race discrimination in promotions, training and assignments, in violation of 42 USC 2000e et seq., wherein less qualified white employees received favored treatment over the plaintiff.

21.

As a result of defendant's discrimination, harassment and retaliation against plaintiff, in violation of Title VII of the Civil Rights Act, Gurney Alfred has suffered emotional distress, mental anguish, humiliation and embarrassment.

22.

Plaintiff requests that the following be awarded:

a) Back pay and benefits;
b) Reinstatement with appropriate promotions or front pay and benefits;
c) In the event of reinstatement, injunctive relief that would prevent defendant from further discriminating, harassing and retaliating against plaintiff;
d) Compensatory damages;
e) Punitive damages;
f) Reasonable attorney's fees and costs;

g) Any other relief the court deems appropriate.

WHEREFORE, plaintiff prays that, after due proceedings had, there be judgment herein in favor of plaintiff, Alfred Gurney, and against the defendants.

Respectfully submitted,

_____
DAN M. SCHEURMANN, (#11767)
Attorney at Law
600 America Street
Baton Rouge, LA 70802-5903
Telephone: (225) 344-9381
Facsimile: (225) 344-9384
Email:  dan@dmsattorney.com
*Counsel for Plaintiff,*
*Gurney Alfred*