UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GURNEY ALFRED

VERSUS

STATE OF LOUISIANA THROUGH
THE DEPARTMENT OF CORRECTIONS

CIVIL ACTION

NUMBER 12-801-JJB-SCR

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the Plaintiff's Motion for an Order Compelling Discovery filed by plaintiff Gurney Alfred. Record document number 17. The motion is opposed.[1]

The subjects of this discovery motion are four of the plaintiff's discovery requests, specifically, Interrogatory Number 11 and Request for Production Numbers 62, 63 and 76. All of the parties' arguments and exhibits have been reviewed. Plaintiff's motion is resolved as follows.

**Request for Production Number 76**

Plaintiff requested production all investigative files on Capt. Warren Lemoine from January 2002 to the present.[2] Although the defendant objected to the request on several grounds, it

---

[1] Record document number 18.

[2] Plaintiff alleged he was employed at Louisiana State Penitentiary ("LSP") as a rehire in 2004 and was terminated in October 2010. In his Complaint the plaintiff alleged that during this time period he was subject to racial discrimination, harassment and retaliation by other employees, including Capt. Lemoine, who was his supervisor.

produced the investigative reports in response to the request.[3] Plaintiff took issue with the defendant's objections, and also argued that the defendant waived any objections by providing an untimely discovery response.  However, the plaintiff did not dispute that the defendant produced the responsive documents that it has.  Therefore, there is no basis to order the defendant to provide a supplemental response to Request for Production Number 76.

**Requests for Production Numbers 62 and 63**

In Request for Production Number 62, the plaintiff asked the defendant to produce the documents that related to any and all signed yard refusal forms for A-Team, B-Team and the Administrative Segregation Units for LSP Camps C, D and J, for the period January 1, 2009 to November 29, 2010.  Request for Production Number 63 was similar in scope, but called for production of the forms from the LSP Administrative Segregation Units at Camp RC, and at Dixon Correctional Center and Hunt Correctional Center.

In response to Request Number 62, the defendant stated that Camps RC/CCR closed on November 1, 2010, and pursuant to the document retention policy, which was produced to the plaintiff, the yard refusal forms for the time period stated in the request were disposed of according to the policy.  The yard refusal forms from

---

[3] Record document number 18, Opposition to Plaintiff's Motion to Compel, pp. 4-5; record document number 17-4, Exhibit 7, Defendant's Response to Plaintiff's Third Set of Discovery, p. 40.

this time period that the still has were produced by the defendant without objection. Defendant however, did raise a relevance objection to part of Request Number 63 because two of the facilities - Dixon and Hunt - were not facilities where the plaintiff was employed. As to Camp RC the defendant relied on its retention policy and the documents it provided in response to Request Number 62.

It appears that the plaintiff's basis for moving to compel as to these document requests is as follows: (1) objections are waived because responses were untimely; and,(2) the defendant's production of some yard refusal forms from July 2010 raises a question as to why records for the other days of the month were not produced. Plaintiff argued that if, after the court orders production of the yard refusal forms the defendant maintains that it no longer has, then the court should impose on the defendant a negative inference that the documents would have been unfavorable to the defendant.

Plaintiff's argument is unpersuasive. Even if responses were untimely, there is no basis to order the defendant to produce yard refusal forms from Dixon and Hunt. Since the plaintiff did not work at Dixon or Hunt, forms from these facilities would not be relevant to his claims arising out of his employment at LSP. With regard to the requested LSP yard refusal forms, the defendant submitted the affidavits of Jonathan R. Vining, Rhonda Z. Weldon, and Trish Foster, with supporting exhibits, to establish the

3

defendant's document retention policy/schedule.[4] This information establishes why the defendant does not have the documents for the time period requested - January 1, 2009 to November 29, 2010. Defendant preserved the yard refusal forms for the dates surrounding the incident that led to the plaintiff' termination. Defendant produced these forms, which are dated from July 5 to July 29, 2010.[5] Considering the defendant's legitimate document retention policy and the defendant's preservation and production of the forms relevant to the plaintiff's claims, there is no basis to order the defendant's to produce any additional documents in response to Request for Production Numbers 62 and 63.

It is unnecessary to address or resolve the plaintiff's argument that the defendant should suffer a negative inference for destroying or not producing other yard refusal forms. This argument was premised on the court ordering a supplemental production and the defendant then not producing the additional forms. As explained above, the defendant will not be ordered to provide supplemental responses to these requests for production. Plaintiff's arguments are not relevant to the motion to compel, but are akin to a spoliation argument that would be the subject of a pre-trial motion in limine seeking a adverse inference jury charge.

---

[4] Record document numbers 18-1, 18-2 and 18-6, Exhibits 1, 2, and 6.

[5] Record document number 17-6, Exhibits 9-12.

4

**Interrogatory Number 11**

Plaintiff's Interrogatory Number 11 asked the defendant to identify by name and race all LSP employees who filed grievances involving race discrimination, harassment and/or retaliation during the period from January 2008 to November 2010. Defendant provided the grievances filed by the plaintiff, but objected to producing any other information on grounds of relevancy and overbreadth. Defendant contended that information about other LSP employees who filed race discrimination, harassment and/or retaliation grievances is unrelated to the plaintiff's claims and would not be admissible in evidence. Plaintiff argued that the defendant's untimely answer waived any objections. Plaintiff also argued that the information sought is relevant because it will show that the defendant committed other unlawful acts, which will help him prove the defendant discriminated/retaliated against him.

Again, the plaintiff's arguments are unpersuasive. This interrogatory, covering all LSP employees for more than a two year period, is clearly over broad. Furthermore, the plaintiff has not alleged a pattern or practice claim against the defendant; plaintiff brought an individual claim for race discrimination, harassment and retaliation. Plaintiff failed to articulate how information in grievances filed by other LSP employees over a two

5

year period could help him prove his individual claims.[6]

Under Rule 37(a)(5)(B) if the motion is denied the court must, after giving the opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Defendant requested and is entitled to reasonable expenses under this rule. However, the defendant did not request a specific amount, or provide any information to support an award of expenses.

Plaintiff's explanation of the relevance of the information he is seeking is confusing, but it appears to point to a use of the information that would be prohibited under Rule 404(b)(1), Fed.R.Evid.[7] Review of the plaintiff's motion and the defendant's opposition supports finding that the motion was not substantially justified, and the record does not reflect any circumstances that would make an award of expenses unjust. An award of reasonable expenses in the amount of $350 is reasonable.

Accordingly, the Plaintiff's Motion for an Order Compelling Discovery is denied.

Pursuant to Rule 37(a)(5)(B), within 14 days, the plaintiff shall pay to the defendant reasonable expenses in the amount of

---

[6] Record document number 17-1, Memorandum in Support of Plaintiff's Motion for an Order Compelling Discovery, pp. 3-4.

[7] The resolution of this motion shows

6

$350.

Baton Rouge, Louisiana, February 25, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE