# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GURNEY ALFRED | : | CIVIL ACTION |
| | : | NO. 12-00801 |
| VERSUS | : | JUDGE JAMES J. BRADY |
| STATE OF LOUISIANA THROUGH THE DEPARTMENT OF CORRECTIONS | : | MAGISTRATE JUDGE STEPHEN C. RIEDLINGER |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITIONS TO DEFENDANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

**NOW INTO COURT,** through undersigned counsel, comes defendant, **the State of Louisiana through the Department of Corrections**, who urges this Court to grant its Motion for Partial Summary Judgment [Rec. Doc. 26 and Rec. Doc. 31] and dismiss Plaintiff's claims against it. Plaintiff's Oppositions failed to demonstrate there is a genuine issue of material fact and only reinforced that defendant is entitled to judgment as a matter of law.

### 1. Plaintiff failed to demonstrate that some of his claims were not prescribed

Plaintiff failed to demonstrate that there is a genuine issue of material fact that his two alleged denials of promotion are not discrete acts and are not prescribed.[1] Denials of promotion are discrete acts.[2] Here, Plaintiff alleges he was denied a promotion in 2007 and again in 2008.[3] As a matter of law, Plaintiff's allegations regarding these failed promotions are prescribed.[4] Accordingly, defendant is entitled to summary judgment on this matter.

---

[1] Rec. Doc. 26.
[2] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).
[3] Rec. Doc. 21-3, p.48, lines 1-13.
[4] 42 USC 2000e-5(e)(1); *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); *Burrell v. Brown*, 2000 WL 1056312 \*3 (5th Cir. 2000).

## 2. Plaintiff failed to offer proof of similarly situated comparators

Plaintiff contended that Mr. Evans and Mr. Rabalais are similarly situated to him, but failed to offer any evidence.[5] Plaintiff failed to explain how or why his violation of falsifying documents was similar to the infractions committed by Mr. Evans and Mr. Rabalias.[6] Instead, Plaintiff merely block quoted from an affidavit and concluded that this block quote proved that the three individuals were similar and treated differently based on their race.[7] As explained in its Motion for Partial Summary Judgment, the violations were not of a similar nature.[8] The law for similarly situated comparators is comparing the allegedly similarly situated individuals and comparing their infractions.[9] Plaintiff failed to show how the violations committed by these individuals compared to his serious violation of falsifying documents.[10] As such, Plaintiff failed to raise a genuine issue of material fact that defendant is not entitled to summary judgment as a matter of law on his race discrimination claim.

## 3. Plaintiff failed to show that a genuine issue of material fact existed for his termination for falsifying documents

### a. The penalty for falsifying documents at LSP is termination

Plaintiff made the conclusory assertion that defendant's legitimate reason for terminating Plaintiff was merely pretext. Plaintiff failed to offer any evidence contradicting defendant's legitimate, non-discriminatory reason.[11] As this Court is well

---

[5] Rec. Doc. 26; Rec. Doc. 31.
[6] Rec. Doc. 26; Rec. Doc. 31.
[7] Rec. Doc. 26; Rec. Doc. 31.
[8] Defendant incorporates by reference its argument in Rec. Doc. 22-1, p. 6-7.
[9] *Lee v. Kansas City S. Ry. Co.,* 574 F.3d 253, 258-62 (5th Cir. 2009)(citing *Lee v. Kansas City S. Ry. Co.,* 574 F.3d 253, 258-62 (5th Cir. 2009); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).
[10] *See* Rec. Doc. 26; *see* Rec. Doc. 31.
[11] *See* Rec. Doc. 26 et seq; *see* Rec. Doc. 31 et seq.

aware, inmates at LSP sue officers on a routine basis.[12] One of the reasons an inmate may sue is a violation of his Eighth Amendment rights if he is denied the ability to exercise.[13] Confinement for long periods of time without any exercise may constitute cruel and unusual punishment.[14] Because of the frequency of litigation and the potential that falsifying documents will result in the violation of constitutional rights, falsifying documents is a very serious offense. Termination is the only proper discipline for an officer who falsifies documents.[15] Moreover, allowing Plaintiff the opportunity to "correct" his falsified documents would result in further falsification of documents! This sort of behavior is impermissible. Accordingly, defendant terminated Plaintiff for legitimate, non-discriminatory reasons.

### b. The Yard Refusal Forms Plaintiff offers as evidence do not support his contentions

Plaintiff offered some Yard Refusal Forms as evidence supporting his contention that he filled out the form on July 15, 2010 correctly.[16] However, all these forms show is that inmates are supposed to sign their names when they refuse their yard time.[17] Other than Plaintiff's falsified forms, there is only one form indicating two inmates refused to sign.[18] On that form, the words "refused to sign" are written as is proper.[19] Furthermore, it was Plaintiff who wrote "refused to sign" indicating that Plaintiff himself *knew* the proper procedure yet failed to follow it on July 15, 2010.[20] Simply because Plaintiff did not

---

[12] Rec. Doc. 22-11.
[13] *Maze v. Hargett*, 200 F.3d 814, 5 (5th Cir. 1999)(*Green v. Ferrel*, 801 F.2d 765 (5th Cir. 1986); *Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982)).
[14] *Id.* at 3.
[15] Rec. Doc. 22-7.
[16] Rec. Doc. 26-12.
[17] *See id.*
[18] *Id.* at p.27.
[19] *Id.*
[20] *Id.* at p.22-23.

follow the correct procedure in having another officer initial the refusal only indicates that Plaintiff did not follow the correct procedure on that day as well.  Plaintiff's use of the Yard Refusal Forms failed to create a genuine issue of material fact that defendant is not entitled to summary judgment.

      **c. Plaintiff's evidence of pretext is insufficient to create a genuine issue of material fact**

           **i. Lt. Myers' verbal counseling for initialing Plaintiff's falsified Yard Refusal Forms is not evidence of pretext**

Plaintiff attempted to compare his denial of inmates' constitutional rights to Lt. Myers' inadequate review of paperwork.[21]  Lt. Myers is not a similarly situated comparator to Plaintiff.  Lt. Myers was Plaintiff's immediate supervisor.[22]  Plaintiff did not disclose during discovery that he believed Lt. Myers was similarly situated.[23]  The "employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor, or had their employment status determined by the same person, and have essentially comparable violation histories."[24]  The violations committed by Plaintiff and Lt. Myers are not of a similar nature.  When Plaintiff falsified a document by signing offenders' names to a Yard Refusal Form, he potentially violated the offenders' constitutional rights and exposed his employer to potential lawsuits.[25]  Lt. Myers' failure to adequately review paperwork in a supervisory capacity was not potentially violating offenders' constitutional rights or exposing defendant to potential lawsuits.  Plaintiff's

---

[21] Rec. Doc. 26; Rec. Doc. 31.
[22] Rec. Doc. 26-3; Rec. Doc. 22-10.
[23] Rec. Doc. 22-4.
[24] *Turner v. Kan. City S. Ry.*, 675 F.3d 887, 893 (5th Cir. 2012).
[25] *Maze v. Hargett*, 200 F.3d 814, 5 (5th Cir. 1999)(*Green v. Ferrel*, 801 F.2d 765 (5th Cir. 1986); *Ruiz v. Estelle*, 679 F.2d 1115 (5th Cir. 1982)); Rec. Doc. 22-11.

violation was a more serious offense than failing to adequately review paperwork.[26] Thus, Plaintiff's "evidence" of pretext fails to create a genuine issue of material fact.

### d. Plaintiff provided no evidence that the VR-1s issued to him were falsified

Plaintiff also offers the two VR-1s issued to him as "proof" of pretext.[27] Plaintiff provides no evidence that these VR-1s were falsified, but merely concludes that they were.[28] As defendant's summary judgment shows, the only appropriate response to such an egregious violation as falsifying documents is termination.[29] Other employees have been terminated for falsifying documents demonstrating that Plaintiff was terminated for legitimate, non-discriminatory reasons.[30]

Plaintiff's Opposition failed to show that there is a genuine issue of material fact that Plaintiff was terminated for anything other than a legitimate, non-discriminatory reason or that defendant's reason is merely pretext. As such, defendant is entitled to summary judgment in this matter.

### 4. Plaintiff's only offered his subjective beliefs as evidence

Plaintiff offered no more than his subjective belief that any of the instances he alleges as discrimination—including his failure to earn a promotion—were based on his race or his unprotected activity of complaining. "[U]nsupported disagreements with an employer's performance assessment are insufficient to demonstrate pretext."[31] Here, Plaintiff provides in his Opposition that he believed that he was not promoted because of

---

[26] Rec. Doc. 22-7; Rec. Doc. 22-11.
[27] Rec. Doc. 26; Rec. Doc. 31.
[28] Rec. Doc. 26 et seq; Rec. Doc. 31 et seq.
[29] Rec. Doc. 22-7.
[30] *Id.*
[31] *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 325 (5th Cir. 2002).

verbal complaints and because of his race.[32] Moreover, Plaintiff admitted he made it to the interview stage for more than one of his applications.[33] This indicates that any denial of promotion was not an arbitrary decision based on discriminatory factors. Defendant showed legitimate, non-discriminatory reasons for denying promotion; namely, that Plaintiff would not have made a good supervisor.[34] Plaintiff failed to rebut the proffered legitimate, non-discriminatory reasons or to offer any evidence that these reasons are a pretext for discrimination.[35] Accordingly, there is no genuine dispute of material fact regarding this claim and it should be dismissed.

### 5. Plaintiff's affidavit is not competent summary judgment evidence

Evidence submitted to dispute a fact in an opposition to a motion for summary judgment must be presented in a form that would be admissible in evidence.[36] Affidavits "must be made on personal knowledge [and] set out facts that would be admissible in evidence."[37] Plaintiff's affidavit contains inadmissible hearsay, legal conclusions and information not based on personal knowledge.[38] As such, this Court should not consider the portions of this exhibit which are conclusory in nature, not based on personal knowledge or contain inadmissible hearsay because it is not competent summary judgment evidence.

---

[32] Plaintiff's deposition provides that he believed his failure to earn a promotion was based on his verbal complaints. Rec. Doc. 22-3, p.54, lines 3-13, 23-25, p.55, lines 1-9, p.57 lines 9-11.
[33] Rec. Doc. 22-3, p.48, lines 1-22; Rec. Doc. 22-22.
[34] Rec. Doc. 22-6; Rec. Doc. 22-7; Rec. Doc. 22-8; Rec. Doc. 22-10; Rec. Doc. 22-11.
[35] *See* Rec. Doc. 26; *see* Rec. Doc. 31.
[36] *See* FED. R. CIV. P. 56(c)(2).
[37] FED. R. CIV. P 56(c)(4).
[38] *See* Rec. Doc. 26-3.

### 6. Plaintiff failed to show a genuine issue of material fact for his due process claim

Plaintiff failed to demonstrate there is any genuine issue of material fact regarding his due process allegations. Plaintiff did not dispute that he was afforded a hearing or that he was allowed to give a statement.[39] He did not dispute that he was given the opportunity to appeal the result of the hearing.[40] Plaintiff made a conclusory statement that defendant acted in an arbitrary and capricious manner, but failed to provide any evidence or analysis of his conclusion.[41] Furthermore, even though Plaintiff speculated the process is rubber-stamped, the fact that Plaintiff's VR-1 for Failure to Follow Orders was overturned indicates that the process is not rubber stamped approved.[42]

The fact remains that the process given Plaintiff satisfied the law's requirement.[43] As such, there is no genuine issue of material fact that defendant is not entitled to summary judgment on his due process claim.

### 7. Plaintiff's denied Motion to Compel is not competent summary judgment evidence

Plaintiff continually used and cited his prior filed Motion to Compel against defendant as "evidence" that defendant engaged in discrimination.[44] Plaintiff's Motion was considered by this Court and denied.[45] Plaintiff additionally improperly asks this Court to draw a negative inference against defendant.[46] Plaintiff's request was already denied once by this Court.[47] Plaintiff's request should not be considered at this time. Even so, Plaintiff

---

[39] *See* Rec. Doc. 31.
[40] *See id.*
[41] *See id.*
[42] Rec. Doc. 22-18.
[43] Defendant does not repeat, but incorporates by reference its Memorandum at Rec. Doc. 22-1, p.23-26.
[44] Rec. Doc. 26; Rec. Doc. 31.
[45] Rec. Doc. 19; Rec. Doc. 20.
[46] Rec. Doc. 31.
[47] Rec. Doc. 19; Rec. Doc. 20.

still failed to show bad faith by defendant as required; thus, Court should decline to draw a negative inference.[48] Plaintiff's denied Motion is not competent summary judgment evidence and his Motion and exhibits attached should not be considered by this Court.

### 8. Plaintiff failed to raise any genuine issue of material fact regarding his emotional distress claim

Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[49] Such statements are not competent summary judgment evidence and are, therefore, insufficient to defeat a motion for summary judgment.[50] A party opposing a motion for summary judgment is required to identify specific evidence in the record articulating the exact manner in which the evidence supports his claim.[51]

Plaintiff's only argument against granting summary judgment on his emotional distress claim is his conclusory statement that he "should…have that opportunity…to have his day in court."[52] Plaintiff offers no other analysis or evidence as to why summary judgment on this matter should be denied.[53] As such, defendant is entitled to summary judgment on Plaintiff's emotional distress claim as a matter of law.

### 9. Plaintiff misused defendant's attempts to have Plaintiff return to LSP

Plaintiff was placed on forced leave in July 2010.[54] Plaintiff's VR-1 for Failure to Follow Orders was issued July 20, 2010 and overturned on August 17, 2010.[55] Defendant

---

[48] *King v. Ill. Cent. R.R.,* 337 F.3d 550, 556 (5th Cir. 2003) (stating that a party must show its adversary "acted in 'bad faith' to establish entitlement to an adverse inference").
[49] *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007).
[50] *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007); *Eason v. Thaler*, 73 F.3d 1322, 1326 (5th Cir. 1996).
[51] *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir.2006).
[52] Rec. Doc. 31.
[53] *See* Rec. Doc. 31.
[54] Rec. Doc. 22-11.
[55] Rec. Doc. 22-18.

then attempted to have Plaintiff come back to LSP to proceed with the VR-1 for Falsifying Documents.[56] When Plaintiff finally returned to LSP, defendant was able to give him the VR-1 for Falsifying Documents and give him notice of the hearing.[57]

### 10. Plaintiff's conclusory allegations are not competent summary judgment evidence

Many of the statements made in Plaintiff's Opposition are conclusory and devoid of citation to any supporting evidence.[58] Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[59] Such statements are not competent summary judgment evidence and are, therefore, insufficient to defeat a motion for summary judgment.[60] A party opposing a motion for summary judgment is required to identify specific evidence in the record articulating the exact manner in which the evidence supports his claim.[61]

Plaintiff did not address that his alleged instances of harassment were neither severe nor pervasive except with conclusory statements.[62] Additionally, Plaintiff failed to address defendant's argument that he did not suffer an adverse employment action for much of the alleged retaliatory conduct or that his verbal complaints were actually protected activity with anything more than conclusory statements.[63] Conclusory statements without more are not enough to defeat a Motion for Summary Judgment. As such, Plaintiff's Opposition failed to demonstrate a genuine issue of material fact. Accordingly, defendant's Motion for Partial Summary Judgment should be granted.

---

[56] Rec. Doc. 22-11; Rec. Doc. 26-20, p.2.
[57] Rec. Doc. 22-20, p.2.
[58] *See* Rec. Doc. 31.
[59] *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007).
[60] *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007); *Eason v. Thaler*, 73 F.3d 1322, 1326 (5th Cir. 1996).
[61] *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir.2006).
[62] *See* Rec. Doc. 26; *see* Rec. Doc. 31.
[63] *See* Rec. Doc. 26; *see* Rec. Doc. 31.

In sum, Plaintiff's Opposition fails to raise any genuine issue of material fact that defendant is not entitled to summary judgment. An opposing response to a motion for summary judgment must set forth specific facts showing that there is a genuine dispute for trial.[64] A party may not rest upon mere allegations or denials contained in his pleadings.[65] The non-moving party must designate specific evidence which is of sufficient caliber and quantity to create a genuine dispute for trial such that a rational finder of fact could return a verdict in his favor.[66] "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."[67] Here, the requirement is that there exists no *genuine* issue of *material* fact.[68] In his Opposition, Plaintiff failed to show there is any *genuine* dispute for trial in this matter. Accordingly, defendant's Motion for Summary Judgment should be granted in its entirety and all of Plaintiff's claims dismissed with prejudice.

**WHEREFORE,** defendant prays that the Court grant its previously filed Motion for Partial Summary Judgment and dismiss Plaintiff's claims against it with prejudice and at Plaintiff's costs as there are no undisputed material facts that Plaintiff's claim should not be dismissed.

---

[64] FED. R. CIV. P. 56(a).
[65] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. V. Johnson*, 780 F.2d 1190 (5th Cir. 1984).
[66] *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); *Phillips Oil Company v. OCK Corporation*, 812 F.2d 265 (5th Cir. 1987).
[67] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).
[68] *Id.* at 248.

Respectfully submitted,

**JAMES "BUDDY" D. CALDWELL
ATTORNEY GENERAL**

BY: /s/ *Margaret A. Collier*
Margaret A. Collier (33790)
Assistant Attorney General
Dept. of Justice/Litigation Division
1885 North Third Street, 4th Floor
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Tele/Fax: 225-326-6300/225-326-6495
E-Mail Address: collierma@ag.state.la.us

**CERTIFICATE OF SERVICE**

**I CERTIFY** the foregoing was served on counsel for the plaintiff by electronic notification by CM/ECF on April 23, 2014.

Gurney Alfred through his attorney of record
Dan Scheurmann
600 America Street
Baton Rouge, Louisiana 70802-5903    *Margaret A. Collier*
**Margaret A. Collier**